UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| APRIL ECKTON, an individual; | ) CASE NO: 3:10-cv-0049 |
| Plaintiff, | ) JUDGE: |
| vs. | ) COMPLAINT FOR VIOLATION OF<br>) ERISA SECTION 502(a)(1)(B); |
| FOOD LION LLC, a North Carolina Limited Liability Company; AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, a Florida Corporation; and DOES 1 through 10, inclusive. | ) [29 USCS 1132(a)(1)(B)]<br>) [29 USCS 1132(g)] |
| Defendants. | ) |

Plaintiff, April Eckton, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Dinwiddi County, Virginia. She was an employee of Food Lion LLC, and by virtue of said employment, she qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Food Lion LLC is a limited liability company organized and existing under the laws of North Carolina and doing business in the Southern District of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, American Bankers Life Assurance Company of Florida, is a corporation existing under the laws of Florida and doing business in the Southern District of West Virginia.

4. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to the Plaintiffs who therefore sue said Defendants by such fictitious names. Plaintiffs are informed, believe, and on that basis allege that each of the Doe Defendants, as well as the named Defendant, is responsible in some manner for the events, happenings and damages alleged herein. Plaintiffs will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.

5. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged.

## Jurisdiction and Venue

6. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132(e)(1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132(c) and 28 U.S.C. § 1391(b) in that both of the Defendants do business in the Southern District of West Virginia (Huntington Division).

## Plan Provisions and Actions

7. Food Lion LLC adopted an employee benefit plan that was administered by the American Bankers Life Assurance Company of Florida. The Plan was at all material times a duly organized, existing and qualified plan. *A copy of the Plan is attached hereto as Exhibit "A" and incorporated herein by reference.*

8. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

9. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

10. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

11. The Defendants' Plan defines total disability in the following manner:

'Total Disability" or "totally disabled" – before benefits have been paid for one year for a Period of Disability, means that due to Injuries or Sickness:

    1. You are not able to perform the substantial and material duties of Your Occupation; and

    2. You are receiving care by a Physician which is appropriate for the condition causing the disability; and

    3. You are not gainfully employed or occupied in any other occupation.

After benefits have been paid for one year for a Period of Disability, Total Disability means that due to Injuries or Sickness:

    1. You are not able to engage in any gainful occupation in which You might be reasonably expected to engage because of education, training, or experience; and

    2. You are receiving care by a Physician which is appropriate for the condition causing the disability; and

    3. You are not gainfully employed or occupied in any other occupation. Nothing in this definition extends the Maximum Benefit Periods shown in the Schedule.

*See Exhibit A*, Section III.

12. On or about September 19, 2004, the Plaintiff became totally disabled by virtue of her inability to work at her own occupation or any occupation as required by the Plan.

13. On or about October 3, 2000, the Plaintiff enrolled in the disability insurance plan sold by Defendant American Bankers Life Assurance Company of Florida, and agreed to have money deduced from her paycheck to pay for the disability insurance.

14. The Plaintiff applied for disability benefits in September of 2004 and began receiving disability payments from Defendant American Bankers Life Assurance Company of Florida shortly thereafter.

15. The Plaintiff would continue receiving these disability payments through December of 2006.

16. The Plaintiff was denied additional disability benefits on January 12, 2007, after the Plan's definition of disability changed from "own occupation" to "any occupation."

17. The Plaintiff would appeal this decision, but her appeal would be finally denied in September of 2007, thus exhausting her administrative remedies.

18. On May 23, 2007, the Plaintiff was awarded Social Security Disability benefits.

19. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

    a. The opinions of her physicians, *See, Exhibit "B;"* and,

    b. The holding of the United States Social Security Administration, *See, Exhibit "C."*

20. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. Plaintiff brings

this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

21. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants Cuna Mutual Group Long Term Disability Insurance Policy, Cuna Mutual Insurance Society and DOES 1 through 10, inclusive.)**

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21, inclusive.

23. The Plaintiff is due rights and benefits under the terms of the Plan.

24. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

25. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

26. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages, such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

27. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**Dated: January 15, 2010**

**UNDERWOOD LAW OFFICES**

By: _/s/ J. Patrick L. Stephens_
**J. Patrick L. Stephens, WVSB #10262**
**Mark F. Underwood, WVSB #7023**
**Counsel for Plaintiff**
**APRIL ECKTON**
**923 Third Avenue**
**Huntington, West Virginia**
**Telephone: (304) 522-0508**
**Facsimile: (304) 399-5449**